UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-Civ-22655-COOKE
(09-Cr-21075-COOKE)

MARCKSON SAINT FLEUR,

    Movant,
vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/

### ORDER OF DISMISSAL WITH PREJUDICE

This is a federal prisoner's collateral attack under 28 U.S.C. § 2255. Movant Marckson Saint Fleur moves to vacate, correct or set aside his sentence. For the reasons that follow, I deny the motion.

### I. Background

On January 10, 2011, Saint Fleur pled guilty to two counts in a Superseding Indictment: (1) one count of Hobbs Act robbery under 18 U.S.C. § 1951(a); and (2) one count of using, carrying, and discharging a firearm in furtherance of a crime of violence under 18 U.S.C. § 924(c)(1)(A)(iii). On March 30, 2011, the district court sentenced Saint Fleur to a total term of 150 months: 30 months on the Hobbs Act count and 120 months consecutive on the § 924(c) count.

On April 13, 2012, Saint Fleur moved to vacate his sentence pursuant to § 2255 on numerous grounds including ineffective assistance of counsel. The district court denied that motion on January 20, 2014.

On May 9, 2016, Saint Fleur moved the Eleventh Circuit *pro se* for authorization to file a second § 2255 motion in light of the Supreme Court's decision in *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015), which held that the "residual clause" of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague.[1] Saint Fleur argued that under *Johnson*, he is actually innocent of the § 924(c) count

---

[1] The Supreme Court made *Johnson* retroactively applicable to cases on collateral review in

because the "residual clause" in § 924(c)(3)(B) – which is worded similarly to the "residual clause" in § 924(e) – is unconstitutionally vague.

On June 9, 2016, the Eleventh Circuit denied Saint Fleur's application. *In re Saint Fleur*, ___F.3d ___, 2016 WL 3190539 (11th Cir. June 8, 2016).

On June 24, 2016, Saint Fleur, by and through counsel, filed a second application with the Eleventh Circuit again seeking authorization of a successive § 2255 motion. That application remains pending.

## II. Discussion

Under the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2241 *et seq.*, there are three requirements for second or successive habeas petitions: (1) "any claim that has already been adjudicated in a previous petition must be dismissed;" (2) "any claim that has not already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence;" and (3) "before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions." *Gonzales v. Crosby*, 545 U.S. 524, 529-30 (2005).

Saint Fleur has not satisfied the third requirement. The Eleventh Circuit denied his first application for authorization to file a successive petition under § 2255, and has not yet ruled on his second application. Unless and until the circuit court authorizes him to file a successive petition, I am foreclosed from reviewing one on its merits.

This case is therefore **DISMISSED** *with prejudice*. The Clerk is directed to **CLOSE** this case. All pending motions, if any, are **DENIED** *as moot*.

**DONE and ORDERED** in chambers, at Miami, Florida, this 13th day of September 2016.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

---

*Welch v. United States*, 578 U.S. ___, 136 S. Ct. 1257 (2016).

Copies furnished to:
*Counsel of record*